WEILAND, State Engineer, et al. v. PIONEER IRR. CO.

(Circuit Court of Appeals, Eighth Circuit. November 18, 1916.)

No. 4512.

1. STATES ⚙191(2)—SUIT AGAINST STATE—WHAT CONSTITUTES.

A suit against state officers, to enjoin them from doing acts beyond the authority vested in them by law, and in violation of the laws of the state and the rights of complainant, is not one against the state, and is within the jurisdiction of a federal court, where there is the requisite diversity of citizenship and amount involved.

[Ed. Note.—For other cases, see States, Cent. Dig. § 181; Dec. Dig. ⚙191(2).]

2. COURTS ⚙308—JURISDICTION OF FEDERAL COURTS—CONTROVERSIES BE-TWEEN CITIZENS OF DIFFERENT STATES—JOINDER OF DEFENDANTS.

The joinder of defendants, who are citizens of the same state as complainant, will not oust a federal court of jurisdiction, where they are not indispensable parties, and a decree may be entered between the other parties without affecting their rights.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. ⚙308.]

3. APPEAL AND ERROR ⚙757(3)—REVIEW—FAILURE TO COMPLY WITH RULES.

A Circuit Court of Appeals will not review rulings on the admission or rejection of evidence, where the brief of appellant does not, in compliance with its rules, set out the evidence admitted or excluded, nor specify the objections to such rulings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. ⚙757(3).]

4. APPEAL AND ERROR ⚙984(2)—REVIEW—MATTERS WITHIN DISCRETION OF COURT.

An appellate court will not ordinarily interfere with the discretion of the trial court in adjudging costs in a suit in equity.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3882; Dec. Dig. ⚙984(2).]

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Suit in equity by the Pioneer Irrigation Company against Adelbert A. Weiland, as State Engineer of the State of Colorado, and others. Decree for complainant, and defendants appeal. Affirmed.

Charles L. Allen and Fred Farrar, both of Denver, Colo. (George P. Steele, of Denver, Colo., on the brief), for appellants.

Edwin H. Park, of Denver, Colo., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and TRIE-BER, District Judge.

CARLAND, Circuit Judge. The Pioneer Irrigation Company, a Nebraska corporation, hereafter called the plaintiff, commenced this action against John E. Field, state engineer; Filmore Cogswell, division engineer, and Dwight L. Bower, commissioner of water district No. 65, as officers of the state of Colorado, having official duties to perform in reference to the distribution of water from the streams of said state for irrigation purposes, and against the owners of other irrigating

⚙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ditches diverting water from the North fork of the Republican river in Colorado; said defendants being citizens of said state. After a hearing upon pleadings and proofs, a decree was entered for the plaintiff, and defendants appeal.

The complaint alleged: That the plaintiff was the owner of an irrigating ditch diverting water from the North fork of the Republican river, a natural stream arising in the state of Colorado and flowing in its natural state in at least some quantity into the state of Nebraska. That said ditch had been constructed with reasonable diligence commencing April 4, 1890, and diverted water from the river aforesaid at a point in Colorado, some miles distant from the line between Colorado and Nebraska, and irrigated some lands in Colorado and some in Nebraska. That the plaintiff and its predecessors in title had maintained the ditch for irrigation and domestic purposes from the date of its construction to the commencement of the present action on August 8, 1913, without complaint on the part of any one. That said ditch had a carrying capacity of 92 cubic feet of water per second of time, diverted and applied as follows: Fifteen second feet in Colorado, and 77 second feet of water for the irrigation of lands in Nebraska. That said 92 feet had been carried and put to beneficial use by said ditch for lands in Colorado and Nebraska without hindrance during the time above mentioned. That the value of said ditch was $200,-000; the portion thereof in the state of Nebraska being of the value of $150,000. That the defendants, who were ditch owners, failed to maintain headgates as required by the laws of Colorado on their ditches through which water could be measured. That the defendants, state officers, failed to require said ditch owners to maintain headgates as required by law, although often requested so to do by plaintiff. That plaintiff had requested said officials to allow 92 cubic feet to be turned out from the Republican river to plaintiff's ditch, but that said officials had refused to allow more than 15 feet as a priority to plaintiff's ditch, and also refused the right of plaintiff to divert water for use in the state of Nebraska. Said state officials did allow, however, ditch owners junior to that of the plaintiff to divert and apply water, regardless of the rights of plaintiff. That said officials allowed the owners of ditches prior in right to plaintiff to divert more water than they could put to beneficial use; the complaint alleging specifically excessive diversions by ditches having an earlier date of priority than that owned by plaintiff, and that the water so diverted by them could not be measured on account of the failure to install proper headgates and measuring weirs.

The plaintiff prayed for an injunction restraining the defendants who were owners of ditches from diverting water until headgates were placed in their ditches, and restraining said state officials from interfering with the right of plaintiff to divert 77 feet into its headgate for use in the irrigation of lands in Nebraska, and restraining ditch owners prior in right to that of the plaintiff from diverting more water than necessary for the irrigation of the lands under said ditches.

[1] After the filing of the complaint the defendant state officials interposed a motion to dismiss the same on the ground, among others,

that the court had no jurisdiction of the action or of the persons of the defendants, for the reason that the suit was one against the state of Colorado without its consent, in violation of the provisions of the Eleventh Amendment to the Constitution of the United States. The motion was denied, and this ruling is assigned as error. In discussing the point raised by the ruling of the court, counsel on both sides have by elaborate arguments gone into the question as to whether the state of Colorado is the owner of all the water flowing in the streams of Colorado. The defendants claim that the state is such owner, and that the state officials, who are made defendants, are simply the agents of the state; hence the state is the real defendant, and the action cannot be maintained for the reason above stated.

We do not think, however, that it is necessary to decide, in determining the question before us, as to whether the state of Colorado is the owner of all the unappropriated water flowing in the streams of that state, as, conceding (without deciding) that Colorado is the owner of such waters, still we think the present action was not one against the state. The plaintiff alleges that it is the owner of a ditch which has diverted a certain number of feet per second of water from the North fork of the Republican river in Colorado, and has used said water in the irrigation of lands in Colorado and Nebraska for more than 20 years without any complaint or hindrance from any one; that said waters so diverted have been used in the proportion of 15 feet in Colorado and 77 feet in Nebraska during the time mentioned. It also alleges that the officers of the state who are made defendants refuse to allow the plaintiff to divert more than 15 feet, and required said 15 feet to be used in the state of Colorado.

The suit is not one to compel the state officers to act in violation of the laws of the state of Colorado or to control the performance of their general duties, but is a suit which seeks to compel said officers to cease violating what is claimed to be the law of Colorado and the rights to which the plaintiff claims it is entitled. In support of the contention of the defendants the recent case of Lankford v. Platte Iron Works, 235 U. S. 461, 35 Sup. Ct. 173, 59 L. Ed. 316, is cited. That case, however, is very much different than the case at bar. In the case cited it was decided that the banking board created by the laws of Oklahoma had been given jurisdiction to supervise and control the distribution of the depositors' guaranty fund, and that a court of equity could not take the power of control from the banking board, as, in the absence of any showing to the contrary, the court must assume that the banking board would faithfully manage and apply the funds. In this case the plaintiff simply asks that the state officers cease interfering in violation of law with the rights of the plaintiff. In Weyman-Bruton Co. v. Ladd, 231 Fed. 898, 146 C. C. A. 94, this court said as follows:

"Whatever might have been the rule at an earlier date, it is now beyond question that, if the acts of an officer are beyond the authority vested in him by law, an action against him for trespass, in an action at law, or to enjoin him in equity, is within the jurisdiction of the national courts, if there is the proper diversity of citizenship, and the amount involved exceeds $3,000, both of which appear from the face of the complaint in the instant case. Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.)

932, 14 Ann. Cas. 764; Western Union Tel. Co. v. Andrews, 216 U. S. 165, 30 Sup. Ct. 286, 54 L. Ed. 430; Harrison v. St. Louis & San Francisco R. Co., 232 U. S. 318, 34 Sup. Ct. 333, 58 L. Ed. 621, L. R. A. 1915F, 1187."

See, also, Magruder v. Belle Fourche Valley Water Users' Ass'n, 219 Fed. 72, 135 C. C. A. 524 (8th Cir.); Wadsworth v. Boysen, 148 Fed. 771, 78 C. C. A. 437 (8th Cir.); Morris v. Bean (C. C.) 146 Fed. 423; Anderson v. Bassman (C. C.) 140 Fed. 14.

[2] It is our opinion that the case cannot be said to be one against the state of Colorado within the meaning of the Constitution. F. D. Johnson, one of the original defendants, moved to dismiss the bill because it appeared from the face thereof that other appropriators of water, namely, the owners of the Carroll and Gilmore ditch and the Chicago, Burlington & Quincy Railroad Company were not made defendants. In denying the motions of the other defendants to dismiss, the court ordered that the complaint be amended by making C. A. Phillips, W. A. Sharp, F. H. Johnson, owners of the Carroll and Gilmore ditch, and the Chicago, Burlington & Quincy Railroad Company as the owner of the Chicago, Burlington & Quincy pipe line ditch, defendants. At the trial the defendants offered to prove that the owners of the Carroll and Gilmore ditch, at the time of the commencement of the action were, and ever since had been, citizens of the state of Nebraska, the same state as that of the plaintiff. Counsel for plaintiff admitted that such was the fact. The court ruled that, conceding the facts to be as stated, it did not oust the court of jurisdiction. We do not think there was error in this ruling, as the defendants brought into the case by order of the court, were not indispensable parties, without whom no decree could be rendered. In Minnesota v. Northern Securities Co., 184 U. S. 236, 22 Sup. Ct. 322, 46 L. Ed. 499, in speaking of the classes of parties to a bill in equity, it was said:

"They are: (1) Formal parties. (2) Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed necessary parties; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. (3) Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience."

See, also, Hawes v. First National Bank, 229 Fed. 51, 143 C. C. A. 645, a decision by this court, where most of the cases upon the subject are cited.

It also appears from the record that the owners of the Carroll and Gilmore ditch never appeared or answered, and the decree rendered did not affect their rights, as said ditch was admitted to be junior to that of the plaintiff. We therefore conclude there was no error in deciding that the court had jurisdiction. At the trial, the defendants offered to prove that senior ditch owners were using only the amount of water necessary for the irrigation of the lands lying under such

ditches, without waste. The court denied the offer, for the reason, as the court stated, that it only intended to fix the relative priority of the plaintiff's ditch, and that whether or not other appropriators were diverting more water than they were entitled to would not be decided, but left open for some future proceeding, and the decree in this case does leave that question undecided. In view of this disposition of the case, there was no error in this ruling.

The decree entered by the court established the ownership of the plaintiff to the Pioneer canal and ditch; that the carrying capacity of the ditch at its headgate was 50 cubic feet of water per second of time; that the carrying capacity of said canal at the point where it crosses the Colorado and Nebraska state line is 20 cubic feet of water per second of time; that said amount of water had, since the day of construction of the ditch, been put to a beneficial use for the parties entitled thereto in the irrigation of lands within the state of Nebraska, and that by reason of such continued beneficial use a vested right of property to the continued use thereof existed in the plaintiff; that the plaintiff was entitled to divert from the North fork of the Republican river that quantity of water at its headgate as would with reasonable care deliver at the Colorado-Nebraska state line, to be measured at the measuring weir in said canal at the Colorado-Nebraska state line, 29 cubic feet of water per second of time for the use and benefit of parties lawfully entitled thereto in the irrigation of lands lying under said gate within the state of Nebraska.

The court in its decree followed the decision of the district court of Colorado sitting in Phillips county as to the right of the plaintiff in point of time to divert water to be carried in said canal for the purposes of irrigation. The judgment of the district court was to the effect that the plaintiff's date of priority was April 4, 1890, and in order of time No. 6. The decree then enjoined the state officials and their successors in office from interfering with the right of the plaintiff to said water as therein adjudged, and from treating plaintiff, in the distribution of water in said water district and division, otherwise than it would be treated if said canal were wholly within the state of Colorado, and all lands irrigated therefrom were in the said state. It further decreed that any other question that might be included in the issues joined under the pleadings would not be considered or determined, but would be considered as withdrawn and expressly left open for consideration and determination in any controversy that might thereafter arise.

[3] The brief of counsel for appellant does not comply in any respect with rule 24 of this court. In no place where the error alleged relates to the admission or rejection of evidence is the full substance of the evidence admitted or rejected, or any part thereof, quoted. It is said in the brief as to assignments 4 to 19 that they might be considered together, and did not require extended discussion; that if the court was without jurisdiction, the rulings of the court were of no importance, but if the court did have jurisdiction, that it was obvious from what had already been said that the court should have decided the whole case, rather than to adjudge it in only one of its aspects;

that it was manifest from the testimony ruled out, the exhibits rejected, and the offers of proof refused that all had important and essential bearing upon the question as to how much water plaintiff was entitled to in Nebraska, if the court had jurisdiction.

[4] We cannot review the admission and rejection of evidence on any such discussion as this. Complaint is made that the court adjudged all the costs against the defendants. This was an action in equity, and in adjudging costs the court was exercising its undoubted discretion, with which we will not interfere.

That the decree rendered by the court below is erroneous in whole or in part, assuming the court had jurisdiction, and we decide that it had, is neither assigned as error nor argued in brief by counsel for appellants.

The decree appealed from, therefore, must be affirmed; and it is so ordered.

---

⬒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*For opinion on petition for rehearing, see 238 Fed. 924, — C. C. A. —.