## JOHNSON *v.* LANKFORD ET AL.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF OKLAHOMA.

No. 96. Submitted December 18, 1917.—Decided January 28, 1918.

An action against the Bank Commissioner of Oklahoma personally
and his surety to recover damages for the loss of plaintiff's bank
deposit, alleged to have been due to the Commissioner's failure to
safeguard the business and assets of the bank, and his arbitrary,
capricious and discriminating refusal to pay the claim or allow it
as valid against the state Guaranty Fund, all in continuous, negli-
gent or wilful disregard of his duties under the state law, *held*, not
an action against the State, but within the jurisdiction of the Dis-
trict Court, there being diversity of citizenship. *Lankford* v. *Platte
Iron Works Co.*, 235 U. S. 461, distinguished.

Allegations to the effect that the enforcement of the state laws in the
matters complained of was solely through the Commissioner, and
that he so arbitrarily and capriciously exercised his powers as to
deprive plaintiff of the equal protection of the laws and deprive
plaintiff of his property without due process, etc., *held*, not to change
the complexion of the action, no relief being prayed against the
Guaranty Fund.

Reversed.

ACTION for the sum of $5,235.60, with interest, for the
failure of defendant in error Lankford to perform his duty
as bank commissioner of Oklahoma, in consequence of
which plaintiff in error sustained loss in the amount stated.
Southwestern Surety Insurance Company, an Oklahoma
corporation, was surety on the official bond of Lankford.

Defendants, defendants in error here, moved to dismiss
the action on the ground of want of jurisdiction in the
court, the action being "one against the State of Okla-
homa without its consent, in violation of the Eleventh
Amendment to the Constitution of the United States."

The court granted the motion, reciting that it was upon

the ground stated and that the question of jurisdiction was alone involved in its decision, and subsequently allowed a writ of error to review that question only.

Plaintiff in error (we shall refer to him as plaintiff) is a citizen of the State of Massachusetts. The defendants in error are citizens of the State of Oklahoma.

The petition of plaintiff is, in outline, as follows:

Lankford, in March, 1911, then being bank commissioner of Oklahoma, and again in March, 1915, entered into official bonds with the insurance company as surety in the sum of $25,000 for the faithful performance of his duties as required by law.

On October 11, 1913, the Farmers & Merchants Bank of Mountain View, Oklahoma, a domestic banking corporation under the control and supervision of Lankford as bank commissioner, for value received, executed and delivered to plaintiff a certificate of deposit for the sum of $5,066.66, with interest at 3%.

February 20, 1915, Lankford, as bank commissioner, took possession of the bank and of its assets because of its insolvency. Thereupon plaintiff endorsed the certificate to one Martin for collection, who presented the same to Lankford for payment. Payment being refused, Martin re-endorsed the same to plaintiff. Under the terms of the bonds given by Lankford it was his duty as commissioner to pay the certificate of deposit at the time it was presented to him. By refusal to so pay it, and his refusal afterward to pay upon the demand of plaintiff, he, Lankford, grossly and entirely failed to perform his duty, and being informed of the conditions of the bank and having means of knowledge he allowed the persons in charge of it to squander its assets so as to damage plaintiff in his right to compel payment from the bank. He, Lankford, also failed to exercise proper care and supervision in that before the making of the certificate of deposit and thence continuously up to the time he took possession of the bank,

with full knowledge of the situation, he permitted the persons in charge of it to conduct it while its reserve was less than that required by law, and failed to take possession of it for the purpose of enforcing the law, or to do anything else adequate and requisite in the premises. He also permitted it while insolvent to make excessive loans and allow overdrafts in violation of law. And, knowing that it was in the hands of incompetent and inefficient persons, he allowed it to be controlled and managed by them inefficiently and incompetently and without economy, to the great damage of its assets, and plaintiff thereby was deprived of all opportunity of recovering the amount of his certificate out of its property.

Lankford failed to make the visits to the bank which the law of the State required him to make or exact the reports which the law required him to exact. He permitted it to reduce the funds which the law required it to have and failed to notify it of the deficiencies or to require it to repair them.

It was his duty to have taken possession of the bank, but he delayed to do so until February, 1915, when its assets were so squandered and depleted as to be insufficient to pay plaintiff's claim. He knew of the violations of law by its officers and of its insolvency.

It was his duty after he took possession to pay plaintiff's claim but he arbitrarily and capriciously refused, in violation of law and his bonds, and there was no cause whatever for him to have questioned the certificate as a valid claim against the Guaranty Fund of the State, which was available under the law of the State for the payment of claims against the bank.

The laws of the State have been so interpreted and enforced by him as to deny plaintiff the equal protection of the laws in violation of the Fourteenth Amendment of the Constitution of the United States and he has exercised this power so arbitrarily and capriciously that other depositors

of the same class and condition of plaintiff have been paid out of the available cash resources of the bank and the Guaranty Fund, and because the State is immune from suit plaintiff has no remedy by judicial review and Lankford, acting for the State as bank commissioner, has deprived plaintiff of his property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States by illegally preferring other depositors to plaintiff, thereby breaching the obligation of his bonds.

By failure to perform the promises made for the benefit of plaintiff in the bonds, he has been damaged by defendants in the sum of $5,235.60, on February 20, 1915, together with 6% interest thereon, amounting, August 20, 1915, to the sum of $5,392.67.

Plaintiff was without knowledge of the delinquencies of Lankford and the condition of the bank and, without fault on his part, allowed the moneys represented by the certificate to remain in the bank after the same became due.

Judgment was prayed for the amounts above specified.

*Mr. Charles West* for plaintiff in error. See *Martin* v. *Lankford, infra,* 547, 548.

No brief filed for defendants in error.

MR. JUSTICE MCKENNA, after stating the case as above, delivered the opinion of the court.

Whether the District Court had jurisdiction was necessarily to be determined by reference to the case made by the petition. Hence we have given it at some length, omitting repetitions. It will be observed that the basis of the action is the neglect of duty of Lankford as bank commissioner, by which plaintiff has been damaged to the amount of his certificate of deposit. The insurance com-

pany has been made a party defendant because it has.
guaranteed the faithful performance of his duties, a statute,
of the State, it is contended, making it liable.  Whether
the contention is tenable or whether the petition or the
case is defective in any particular we are not called upon
to say.  Upon neither question was the judgment of the
District Court defensively invoked.  The sole question for
our consideration then is whether the cause of action stated
is one against the State of which the District Court has
no jurisdiction.

There is certainly no assertion of state action or liability
upon the part of the State, and no relief is prayed against
it.  The charges are all against Lankford.  The relief
sought is against him because of his wilful or negligent dis-
regard of the laws of the State, and it is because of this
his surety is charged with liability, it having guaranteed
his fidelity.

We think the question, therefore, should be answered
in the negative; that is, that the action is not one against
the State.  To answer it otherwise would be to assert, we
think, that whatever an officer does, even in contraven-
tion of the laws of the State, is state action, identifies him
with it and makes the redress sought against him a claim
against the State and therefore prohibited by the Eleventh
Amendment.  Surely an officer of a State may be delin-
quent without involving the State in delinquency, indeed,
may injure the State by delinquency as well as some res-
ident of the State, and be amenable to both.

The case is not like *Lankford* v. *Platte Iron Works Co.*,
235 U. S. 461.  There the effort was to compel the pay-
ment of a claim (certificates of deposit issued by a bank)
out of the fund to which the State had a title and which
it administered through its officers.  Any demand upon it
was a demand upon the State and a suit to enforce the de-
mand was a suit against the State, necessarily precluded
by the purpose of the law.  The case at bar is not of such

character. Its basis is Lankford's dereliction of duty, a
duty enjoined by the laws of the State, and the dereliction
is charged to have been continuous, overlooking viola-
tions of the requirements of law by the bank officials
by which it was brought to insolvency, knowing of the
depletion of its assets, knowing of the reduction of its re-
serves, and not requiring their repair. A further derelic-
tion is charged after Lankford took possession and such
arbitrary conduct and preferences that plaintiff's claim
was subordinated to other claims of like character.

The present case finds example in *Hopkins* v. *Clemson
College*, 221 U. S. 636, where the college was held liable
for acts of trespass upon private property, and it was said
by Mr. Justice Lamar, speaking for the court, that immu-
nity from suit was a "high attribute of sovereignty—a
prerogative of the State itself—which cannot be availed
of by public agents when sued for their own torts." And
it was further said, "The Eleventh Amendment was not
intended to afford them [public agents] freedom from lia-
bility in any case where, under color of their office, they
have injured one of the State's citizens." And a distinc-
tion was marked between such acts and such as affect the
State's political or property rights.

One charge in the petition will justify special comment.
It is that the enforcement of the laws of Oklahoma in the
matters complained of was and is solely through and by
Lankford as bank commissioner and that he so arbitrarily
and capriciously exercised his powers as to deprive plain-
tiff of the equal protection of the laws and to give to "other
depositors an unequal and more advantageous enforce-
ment of the law than to plaintiff, this to plaintiff's dam-
age." And also it is alleged that Lankford's conduct in
that particular deprived plaintiff of his property without
due process of law in violation of the Fourteenth Amend-
ment of the Constitution of the United States.

The purpose of the allegations is not very clear. They

might be considered as intended for emphasis of the wrongful conduct of Lankford; but they seem to be made more of than this in the argument of counsel, and we are left in doubt whether they are pleaded as independent grounds of recovery or only as elements with other grounds. It is somewhat impossible to regard them as the former, for no special relief is asked on account of them. They represent completed acts the injury of which has been accomplished, the plaintiff losing by them access to the Guaranty Fund or its security, and hence Lankford is charged with personal liability. But no relief, as we have said, is prayed against the fund. If it were, *Lankford* v. *Platte Iron Works Co., supra,* might apply.

> *Judgment reversed and cause remanded for further proceedings in accordance with this opinion.*