## REPUBLIC CASUALTY CO. et al. v. SCANDINAVIAN–AMERICAN BANK et al.

(District Court, W. D. Washington, N. D. May 20, 1922.)

No. 292.

Courts ⬤≈303(2)—Suit for preference and for participation in depositors' guaranty fund held not suit against state.

In view of fact that state has no property interest in Washington bank depositors' guaranty fund created by Laws Wash. 1917, p. 308, amended by Laws 1921, p. 283, and is not liable to depositors or creditors of bank, suit to have claim given preference and included in guaranty fund was not suit against state without its consent, in violation of Eleventh Amendment, and federal court had jurisdiction.

See, also, 2 F.(2d) 113.

The plaintiffs allege foreign corporate entity, and corporate entity and insolvency of the defendant bank, and that defendant John T. Duke is the duly appointed, qualified, supervisor of banking, under the banking laws of the state of Washington, and as such has taken charge of the assets of the defendant insolvent bank, and said insolvent bank is, through the said supervisor of banking, in the process of liquidation; that the defendants are all citizens of the state of Washington; that prior to insolvency, pursuant to designation of the defendant bank as a depository for funds in bankrupt estates, the plaintiffs, pursuant to statute and order of the court, executed bonds in the sum of $50,000, each to a tenor and effect that said bond should be void if bankrupt funds deposited were accounted for, otherwise to remain in full force and effect; that on the failure of the defendant bank $90,000 were on deposit belonging to bankrupt estates; that the plaintiffs, upon demand, each paid the sum of $45,000, and thereafter each a further sum of $1,020.72, and thereafter filed due proof of claim with the defendant Supervisor of Banking. It is alleged that by the payment of the said sums, respectively, the plaintiffs, respectively, became subrogated in law and equity to the right of the said deposit of the trustee in bankruptcy; that the defendant supervisor of banking approved and allowed said claims as preferred, and issued warrants pursuant to law for the sums paid by the respective plaintiffs, to the said plaintiffs; that the said defendant supervisor of banking thereafter declared a dividend, and paid to the said plaintiffs 20 per cent. upon their respective claims from the estate of the said insolvent bank; that thereafter, on the 9th day of February, 1922, the said defendant, through his deputy, advised the plaintiffs that the defendant was in error in issuing said warrants, and demanded the return thereof, and refused the plaintiffs the right to participate in the "Washington bank de-

positors' guaranty fund," and has denied the right of the plaintiffs to participation in the assets of the insolvent bank other than as common creditors. Judgment is prayed that the plaintiffs' claim be decreed preferred, and included in the "Washington bank depositors' guaranty fund."

The defendants move to dismiss, because the court has not jurisdiction of the subject-matter of the action or of the persons of the defendants, or either of them, the suit being one against the state of Washington, without its consent, in violation of the Eleventh Amendment of the Constitution of the United States; that sufficient facts are not stated, and there is a nonjoinder of indispensable parties, to wit, the guaranty fund board of the state of Washington. The last ground was not discussed.

Roberts & Skeel, of Seattle, Wash., for plaintiffs.

W. V. Tanner and John P. Garvin, both of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above). Chapter 81, p. 308, Laws of Washington 1917 (amended by Laws 1921, p. 283), creates a guaranty fund for the "protection and security of depositors in banks" known as the "Washington bank depositors' guaranty fund," and also creates a "contingent fund," from which is paid the expenses incurred by the guaranty fund board (consisting of the Governor, ex officio chairman, state bank examiner, ex officio secretary and executive officer, the Attorney General, the legal adviser, and three members appointed by the Governor), and also any losses which may be sustained through the failure of any member bank, and provides for assessments against member banks, and member banks "shall be entitled to participate in the guaranty fund and to advertise that it is a member of said fund, and that its deposits are guaranteed thereby; *but no such bank shall advertise that its deposits are guaranteed by the State of Washington.*" (Italics mine.) "Any losses found in the guaranty fund may be used in paying the owner of guaranteed deposits in member banks, but not until the contingent fund shall have been depleted."

The act is too long to be set out or even summarized in detail. In State ex rel. Lewis v. John P. Duke, etc., 120 Wash. 13, at page 15, 206 P. 918, 919, the Washington state Supreme Court said: "The Bank Guaranty Act, as amended, provides for the creation of a fund, the manner of its administration, and how banks may become members thereof and withdraw therefrom. It also specified the amount which member banks shall contribute to the fund, the purpose of the fund being to meet guaranteed deposits in the event of insolvency of a member bank."

The state has no property interest in the guaranty fund. The fund has no debit or credit relation to the state treasury, nor any relation to the general taxation, nor to any purposes of the state government. By the provisions of section 19, Act, supra, as amended Laws 1921, p. 291, § 10: "Whenever the director of taxation and examination shall have issued warrants in payment of claims for guaranty deposits of any failed bank, such claims and all rights of action and remedies of the depositors therefor, shall inure to the Director of Taxation and Examination for the benefit of the contingent and guaranty funds, and all sums realized therefrom shall be paid into such funds. Section 62, p. 301, Laws Wash. 1917, provides: "Upon taking possession of any bank or trust company, the examiner shall proceed to collect the assets thereof and to preserve, administer and liquidate the business and assets of such corporation. * * *"

The Supreme Court of Washington (State ex rel. Lewis v. Duke, supra) held that these two acts, of which the sections last quoted are respectively parts, are in pari materia, and should be construed together, and at page 18 (206 P. 920) said: "The bank examiner becomes a creditor of the bank to the amount of the claims which have been transferred to him." On page 16 the court says: "It is provided that the expense incurred in the administration of the act shall be paid out of the contingent fund, and also losses which may be sustained through the failure of a member bank." Section 51, Administrative Code (Laws Wash. 1921, p. 32), provides that the supervisor of banking shall have charge and supervision of the division of banking, etc.

It conclusively appears that the state is not interested in the fund, nor responsible to a depositor or creditor. Much emphasis is placed by the defendants upon Lankford v. Platte Iron Works, 235 U. S. 461, 35 S. Ct. 173, 59 L. Ed. 316, in reviewing the Oklahoma Guaranty Act decisions. In that case Justice McKenna, for the majority of the court, four justices dissenting, in referring to the Oklahoma case under review, at page 474 (35 S. Ct. 176), said: "Certainly

this construction can be given to the Oklahoma statute; and, granting that it may admit of dispute, an important element to be considered is the decision of the state tribunals."

In State ex rel. Lewis v. Duke, supra, at page 19 (206 P. 921), this language is used: "The cases from Oklahoma are *especially not applicable* because the Bank Guaranty Act in that state directly provided that 'the depositors of a state bank or trust company shall be paid in full,' and that the 'state shall have for the benefit of the depositors' guaranty fund a first lien upon the assets of the state bank or trust company.' There is no such provision in the guaranty law in this state." (Italics mine.)

The Supreme Court, Johnson v. Lankford, 245 U. S. 541, 38 S. Ct. 203, 62 L. Ed. 460, another Oklahoma case, in which the court held that an action against the bank commissioner of Oklahoma for alleged failure to safeguard the business and assets of the bank or wilful disregard of his duty under the laws, was not an action against the state, and at page 545 (38 S. Ct. 205) said: "The case is not like Lankford v. Platte Iron Works Co., 235 U. S. 461. There the effort was to compel the payment of a claim * * * out of the fund to which the state had a title and which it administered through its officers. Any demand upon it was a demand upon the state and a suit to enforce the demand was a suit against the state, necessarily precluded by the purpose of the law. The case at bar is not of such character."

The instant suit is not to enforce a demand against the state, or to obtain any relief from the state, but merely to adjudicate and establish the status of the claims of the plaintiffs, and since the state court held that the state has no property interests, and that the Oklahoma cases which inspired Lankford v. Platte Iron Works, supra, *"are especially not applicable,"* by the same token suggested by Justice McKenna in Lankford v. Platte Iron Works, supra, the decision of the state court is an important element to be considered, and when considered with the expression of Justice McKenna, in Martin ·v. Lankford, supra, the issue here tendered is not against the state. The mere fact that the defendant is a state officer charged with administering a state statute does not make such an action a suit against the state. Stern v. Board of Dental Examiners, 50 Wash. 100, 96 P. 693; Ætna Casualty Co. v. Moore, 107 Wash. 99, 181 P. 40; Weiland v. Pioneer

2 F.(2d)—8

Irrigation Co., 238 F. 519, 151 C. C. A. 455; Camunas v. N. Y. S. S. Co., 260 F. 40, 171 C. C. A. 76; Tanner v. Little, 240 U. S. 359, 36 S. Ct. 379, 60 L. Ed. 691; Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Virginia Coupon Case, 114 U. S. 270, 5 S. Ct. 903, 962, 29 L. Ed. 185; Pennoyer v. McConnaughy, 140 U. S. 1, 11 S. Ct. 699, 35 L. Ed. 363; Smyth v. Ames, 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819; Missouri R. R. Co. v. Missouri R. R. Com., 183 U. S. 53, 22 S. Ct. 18, 46 L. Ed. 78; Morrill v. Amer. R. Bond Co. (C. C.) 151 F. 305.

This court has jurisdiction. The sufficiency of the facts to afford any relief will be fully considered when the issue is presented on the merits.

The motion to dismiss is denied.