### FIDELITY & DEPOSIT CO. OF MARYLAND v. TRUSTEES OF UNIVERSITY OF WYOMING et al.

(District Court, D. Wyoming. August 10, 1926.)

No. 1658.

1. **Courts** ⬤⇒365—**Federal court held not bound by state decision on question of its own jurisdiction (Const. Amend. 11).**

While a decision of the highest court of a state as to whether a public corporation created by statute is authorized to be sued is binding on a federal court, the question whether a suit in that court against such corporation is one against the state, and therefore not within its jurisdiction, under Const. Amend. 11, is one to be determined independently by that court.

2. **Courts** ⬤⇒303(2)—**Suit against a state agency held one against the state of which a federal court was without jurisdiction (Const. Amend. 11).**

"The trustees of the University of Wyoming" is a corporation created by statute as an agency of the state, through which it manages the affairs of the State University. It is not expressly authorized to sue and be sued. *Held*, that a suit against the corporation to enforce alleged contract rights, in which it is not alleged that defendant has committed any act in violation of complainant's rights, is in effect one against the state, of which a federal court is without jurisdiction, in view of Const. Amend. 11.

In Equity. Suit by Fidelity & Deposit Company of Maryland against the trustees of the University of Wyoming and others. On motion to dismiss bill for want of jurisdiction. Motion granted.

L. Ward Bannister and Wm. T. Wolvington, both of Denver, Colo., and Kinkead, El-lery & Henderson, of Cheyenne, Wyo., for plaintiff.

N. E. Corthell, of Laramie, Wyo., for defendant Trustees of the University of Wyoming.

M. E. Corthell, of Laramie, Wyo., for defendants First Nat. Bank of Laramie and Butler.

S. C. Downey, of Laramie, Wyo., for defendant First State Bank of Laramie.

KENNEDY, District Judge. The pertinent facts disclosed by the bill of complaint and the state statutes involved afford the basis for the determination of the points presented to the court upon the present hearing. The Trustees of the University of Wyoming is a corporation, so designated under the Wyoming statute, having for its function the management and control of the State University, but it has never been specifically given the right to sue or be sued as such corporation.

Some time in July, 1923, the Trustees of the University of Wyoming entered into a contract with one of the defendants, Johnson, for the construction of a new gymnasium building as a part of the University. This contract fixed the price at which the building should be constructed, and bound the contractor to follow the plans and specifications of the architect, to comply with all laws, ordinances, and regulations affecting the performance of the contract, including the Workmen's Compensation Law, and some other specific laws enumerated. It further provided that, as the work progressed, the contractor should be paid monthly upon a basis of 85 per cent. of the amount of the contract of labor and materials incorporated in the work or delivered, and required him to keep the premises free and clear from waste material and rubbish, and to remove all tools, scaffolding, and other surplus material. In connection with the contract, the contractor was required to give a bond, which he did, with the plaintiff as the surety, which generally insured the carrying out of the terms of the contract, said bond also carrying a provision that the contractor, the principal in the bond, should keep the surety indemnified against loss, liability, costs, damages, attorney's fees and expenses of every kind whatsoever, and for the purpose assigned the right and interest of the contractor in and to all percentages retained on account of the contract.

Some time in June, 1925, the defendant Trustees of the University notified the surety company that the contractor had defaulted in his contract by stopping the work, after which the defendant Trustees, with the per-

mission of the plaintiff, proceeded to complete the building. The defendant Trustees afterwards advertised under a statute of the state that it required of all claimants for work done and material furnished to file their claims with the Trustees within a certain specified date. Creditors filed claims in an amount exceeding $75,000, only $25,000 of which the plaintiff claims and alleges are proper to be allowed and paid out of the balance in the hands of the Trustees. The alleged balance in the hands of the Trustees is approximately $37,000, and plaintiff claims the right to participate in this fund for expenses and attorney's fees incurred by reason of the default of its principal, the contractor.

Up to the time of the commencement of this suit it would appear by the allegations of the bill that the Trustees of the University have not paid out any of the $37,000 balance. All of the claimants, except those whose claims are recognized by plaintiff as legitimate, aggregating, as before stated, the approximate sum of $25,000, have been named as defendants in the bill. The bill further alleges that, unless restrained by order of the court, the Trustees of the University of Wyoming will pay said money or a part of it over to the defendants, who are not entitled to the same. The reasons why defendants are not entitled to participate in the funds still remaining in the hands of the Trustees of the University are also set forth.

The prayer is that the defendant the Trustees of the University of Wyoming be restrained from paying out any of the fund remaining in its hands during the pendency of the action; that the defendants be directed to appear and show what right, title, or interest they may have in the fund; that the court decree the distribution of the fund by the Trustees of the University in the manner contended for by plaintiff; and that, upon the payment of the alleged legitimate claims by the plaintiff, it be subrogated to the rights of said claimants, and thereby be entitled to reimbursement out of the fund in the hands of the Trustees for its costs, expenses, and attorney's fees, along with recognized material and labor claimants.

The bill is challenged on behalf of the Trustees of the University of Wyoming by a motion to dismiss, and by a like motion on behalf of the defendants the First National Bank of Laramie and H. R. Butler, and it is these motions which are now before the court for consideration.

The principal contention of the defendant the Trustees of the University of Wyoming, under its motion to dismiss, is that the suit is one against the state of Wyoming, and in contravention of the Eleventh Amendment to the Constitution of the United States, which provides that the judicial power of the United States shall not be construed to extend to any suit in law or equity commenced against one of the United States by citizens of another state or by citizens or subjects of any foreign state. Counsel for this defendant assert that the Supreme Court of the state of Wyoming and two of the lower state courts have held that a suit against the Trustees of the University is in effect a suit against the state, consent to which has not been given, and which cannot therefore be maintained. The leading decision of the Supreme Court of Wyoming is found in the case of Hjorth Royalty Co. v. Trustees of University, 30 Wyo. 309, 222 P. 9, in which it was held that the Legislature of the state had in no way given its consent to the Trustees of the University as a corporation to be sued. The case arose over an attempt to quiet title to lands which had been granted by the federal government to the state of Wyoming for the use of the University.

[1] This court, however, takes the view that as to whether or not a suit is in contravention of the Eleventh Amendment to the Constitution of the United States is a matter which must be determined by the federal courts, although the construction of the state court as to whether or not the statutes of the state give power and authority to the Trustees of the University to be sued or not to be sued may be binding upon the federal courts, so that it becomes necessary to look farther for a solution of the questions here involved. It has been held by the Supreme Court of the United States that the court must look through form to substance in construing the Eleventh Amendment, where the state is not specifically named as a party, to determine whether or not the suit is one in effect against the state. Hopkins v. College, 221 U. S. 636, 31 S. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243.

[2] The case at bar upon its face is not a suit against the state, but against one of its authorized agencies, which opens up a field very prolific of judicial interpretation by the federal courts. All suits against state officials are apparently not in contravention of the Eleventh Amendment, as some suits have been held to be permissible and others not. The Supreme Court through a series of decisions have attempted to draw a line of demarcation between these two classes of

suits, which affords a rational basis for the decision of a case of this character, if one is able to classify the suit at hand. In one class, where suits are brought against officers of the state to compel them to carry out their contractual obligations, it has been held that such a suit is one against the state and cannot be maintained. In the other class, where suit is brought to restrain officers of a state from committing some wrong or injury in violation of a right, or under color of an unconstitutional statute, it has been held that such a suit may be maintained, upon the theory that the wrong or illegal act is not an act of the state, but a personal act on the part of the officials.

This distinction has been quite clearly drawn in the case of Pennoyer v. McConnaughy, 140 U. S. 1, 11 S. Ct. 699, 35 L. Ed. 363, where the cases on each side up to the time that decision was rendered are quite fully reviewed by Mr. Justice Lamar. The later cases by the Supreme Court, however, all seem to adhere generally to the rule announced in the Pennoyer Case. Time forbids a review of these later cases and the different situations and variety of circumstances under which they have arisen. In the following cases it has been held that the suit was in effect one against the state and could not be maintained; Fitts v. McGhee, 172 U. S. 516, 19 S. Ct. 269, 43 L. Ed. 535; Smith v. Reeves, 178 U. S. 436, 20 S. Ct. 919, 44 L. Ed. 1140; Murray v. Wilson Distilling Co., 213 U. S. 151, 29 S. Ct. 458, 53 L. Ed. 742; Lankford v. Platte Iron Works Co., 235 U. S. 461, 35 S. Ct. 173, 59 L. Ed. 316; In the Matter of the State of New York, 256 U. S. 490, 41 S. Ct. 588, 65 L Ed. 1057. The following cases seem to recognize a suit against state officials as maintainable, not being in contravention of the Eleventh Amendment: Board of Liquidation v. McComb, 92 U. S. 531, 23 L. Ed. 623; Rolston v. Crittenden (Missouri Fund Commission) 120 U. S. 390, 7 S. Ct. 599, 30 L. Ed. 721; Hopkins v. College, 221 U. S. 636, 31 S. Ct. 654, 55 L. Ed. 890, 35 L. R. A. (N. S.) 243; Magruder v. Water Users' Association (C. C. A.) 219 F. 72; Weiland v. Pioneer Irrigation Co. (C. C. A.) 238 F. 519.

To which class, under the preceding rough statement of the rule by this court, does the case at bar fall? If it be a case in which the plaintiff is attempting to force the defendant Trustees to carry out their contractual and legal obligations, it must necessarily fall within the first class; while, if it be a suit to restrain the Trustees from committing acts in the process of performance or threatened acts violative of its contractual or legal obligations, which acts will work a wrong or injury to the plaintiff, then the case will fall within the second class. In the first class, it would not be maintainable; and in the second class, maintainable.

An examination of the bill fails to disclose the allegation of any fact that the Trustees have committed any act in the way of injuring the plaintiff, even if its theory of the obligations of the defendant be taken as correct, and this is manifestly true, because it affirmatively appears that of the remaining fund in its hands, the defendant has disbursed nothing to any claimants. As to the averment of any threatened act which would transgress any alleged claim of right on the part of the plaintiff, the sole allegation of the bill is to the effect that the Trustees of the University, unless restrained by an order of the court, will pay over the money in its hands to defendants in the case not entitled to the same. This allegation falls short, in the opinion of the court, of stating any allegation of fact that the defendant Trustees have attempted or threatened to disburse the money in its hands in violation of the rights of the plaintiff.

The most that might be said of the allegation referred to is that it expresses a fear that something of the sort might be done. In the absence of any such allegation which would necessarily have to be a plea of substantive facts of such an attempt or threat, it must be presumed that the Trustees will discharge their full duty consistent with their contractual and legal obligations in the premises. As the Supreme Court said in Lankford v. Platte Iron Works, supra, when speaking of a law delegating to state officials certain functions: "We cannot assume that it will not be faithfully managed and applied." In other words, up to the present time it appears that the Trustees should be permitted to exercise that discretion which is vested in them by the state Legislature to carry out the functions committed to their charge.

This analysis must lead to the conclusion that the case at bar falls within the first class above mentioned, in which the case is one in effect against the state and therefore not maintainable.

With the principal defendant, the Trustees, out of the suit, they having control of the fund in which other claimants are interested, and which the Trustees must administer in the exercise of their discretion, certainly the case against the other defendants, particularly against those by whom motions to dismiss have been interposed, will likewise fall, making it unnecessary to discuss

the separate grounds of the motions by other defendants. If it be a matter for the Trustees of the University to administer and disburse the fund in the exercise of its discretion, the adjudication of claims of other claimants could have no effect upon the Trustees, and the questions involved as to their respective rights in this case become moot.

An order will be entered, sustaining the motions to dismiss, and reserving to plaintiff its proper exceptions in the premises.